DAVIS *v.* HENNAN.

(Decided June 5, 1933.)

*Mr. W. K. Rose,* for plaintiff in error.
*Mr. Earl K. Sloether,* for defendant in error.

LLOYD, J. On November 26, 1932, Everett Hennan, the defendant in error, filed his bill of particulars in the court of a justice of the peace in and for the township of Perrysburg, Wood county, Ohio, reading as follows:

"The plaintiff says that there is due him from said defendant the sum of $40.00 for damages done to

plaintiff's automobile on route No. 25 in Wood county, Ohio, on November 26, 1932, by the said defendant."

Hennan filed therewith an affidavit for an order of attachment, reciting therein the nature of the claim as set forth in his bill of particulars, and stating as grounds of attachment that Davis is not a resident of Wood county, is about to remove his property in whole or in part out of the jurisdiction of the court with intent to defraud his creditors, and that he has fraudulently contracted the debt or incurred the obligations for which the suit of Hennan is brought. These three grounds, or "particulars," as called in Section 10253, General Code, are numbered 1, 5 and 9 therein. Upon the filing of the affidavit an order of attachment was issued, and possession of the automobile of Davis was taken thereunder by the constable.

Service of summons not having been made upon him, Davis, without entering his appearance in the action, filed a motion to discharge the attachment on various grounds therein set forth. This motion was overruled by the justice of the peace, and on appeal to the court of common pleas was also decided adversely to plaintiff in error. By petition in error Davis seeks to have this court reverse the judgment thus rendered on his motion to discharge the attachment. The only questions presented or argued by counsel for the respective parties hereto were the errors alleged in the petition in error, viz.:

(1) The judgment of said justice of the peace and of said court is contrary to law.

(2) Said justice and said court erred in overruling the motion of the defendant below, for a discharge of the attachment therein had.

Section 10253, General Code, enumerates the grounds or "particulars," one or more of which must be stated in the affidavit to authorize the issuance of an order of attachment by a justice of the peace. In No. 9 thereof it is provided that:

"When the defendant * * * is a non-resident of the county, the attachment shall not be granted unless the claim is for a debt or demand arising from contract[,] judgment or decree."

Admittedly the alleged claim of Hennan did not arise from contract, judgment, or decree. The attachment was sought before it was determined whether any liability existed on the part of Davis on the alleged claim of Hennan "for damages dones" to his automobile "on route No. 25 in Wood County." His claim was unliquidated, and he therefore was not a creditor at the time the order of attachment was sought. Nor is it disclosed either in the bill of particulars or in the affidavit for attachment that the alleged liability was incurred by the violation of any criminal law, unless such fact is assumed from the statement in the affidavit, "that said defendant has fraudulently or criminally contracted the debt or incurred the obligations for which this suit is about to be or has been brought." However, this is unimportant, because in No. 9 of the "particulars" enumerated in Section 10253, General Code, is the express proviso hereinbefore quoted, that:

"When the defendant * * * is a non-resident of the county, the attachment shall not be granted unless the claim is for a debt or demand arising from contract[,] judgment or decree."

In Section 11819, General Code, wherein are enumerated the grounds of attachment in a civil action in the court of common pleas, it is provided:

"An attachment shall not be granted on the ground that the defendant is * * * not a resident of this state, for any claim other than a debt or demand, arising upon contract, judgment or decree, or for causing damage to property or death or personal injury by negligent or wrongful act."

The language, "an attachment shall not be granted on the ground that the defendant is * * * not a

resident of this state," is quite unlike the language in Section 10253, General Code, that "when the defendant * * * is a non-resident of the county, the attachment shall not be granted." It is significant to note that the difference in phraseology of these two statutes has existed since their adoption at the first session of the General Assembly under the Constitution of 1851, 51 Ohio Laws, pages 86, 87, 185 and 186. In each instance the language used is unambiguous, and leaves nothing for this court to interpret or construe. Nothing could be more plain than the meaning of the words used, and simply because we may think that it should have been provided otherwise is no reason for this court assuming the functions of the General Assembly and seeking to read into the statute something that, for some reason, that body saw fit to omit.

The judgment of the court of common pleas is reversed and the cause remanded for further proceedings according to law, not inconsistent herewith.

*Judgment reversed and cause remanded.*

WILLIAMS, J., concurs.
RICHARDS, P. J., dissents.